**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEYVER BLANCO-DOMINGUEZ, AKA Leyber Odyr Solorzano Dominguez, | No.    18-70495 |
| Petitioner, | Agency No. A206-104-720 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Leyver Blanco-Dominugez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Blanco-Dominguez failed to establish past persecution or a fear of future persecution on account of an enumerated ground.  *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, in this case, Blanco-Dominguez's asylum and withholding claims fail.

We lack jurisdiction to consider Blanco-Dominguez's contentions regarding CAT relief because he failed to raise the issue before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**